UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN JONES,

                Plaintiff,

-against-

L.T. T. JURY; S.I.S. VALLI; C.O. J.
CERVANTES; DOCTOR M. MANK; K.
DORSEY; MENTAL HEALTH; FBOP,

                Defendants.

20-CV-8221 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, currently incarcerated in the United States Penitentiary, Victorville, located in Victorville, California, brings this action *pro se*. He styles the action as a petition for a writ of *habeas corpus*, and because Plaintiff was convicted in this District, *see United States v. Holman*, ECF 1:18-CR-0041-11, 390 (S.D.N.Y. Aug. 6, 2019), the Clerk of Court opened the action as a motion under 28 U.S.C. § 2255. Upon review of the complaint, it is clear that Plaintiff is not seeking to vacate his conviction or sentence; he is rather seeking money damages arising from events that occurred in the United States Penitentiary, Victorville, where he is incarcerated. The Court therefore construes Plaintiff's submission as asserting claims for damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), because Plaintiff alleges that Defendants violated his rights under the Eighth Amendment. For the following reasons, the Court transfers this action to the United States District Court for the Central District of California, Eastern Division.

      Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if

there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights under the Eighth Amendment by withholding medical attention from him and holding him in a cell for three days without food or water. He sues individual correction officers employed at the United States Penitentiary, Victorville, as well as the Federal Bureau of Prisons. Because Plaintiff does not allege that any defendant resides in this district[1] or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b). Plaintiff's claims arose in the United States Penitentiary, Victorville in Victorville, San Bernardino County, California, which is in the Central District of California, Eastern Division. *See* 28 U.S.C. § 3(c)(1). Accordingly, venue lies in the Central District of California, Eastern Division, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Central District of California, Eastern Division. 28 U.S.C. § 1406(a).

---

[1] The Federal Bureau of Prisons arguably resides in the Southern District of New York as well as the Central District of California. This Defendant, however, is immune from suit under the doctrine of sovereign immunity, which bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Central District of California, Eastern Division. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 19, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge